RATTET PASTERNAK, LLP
*Attorneys for Carla L. Marin and*
*Philip D. Marin, as the Executors of*
*the Estate of Ana Beatriz Marin*
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Dawn Kirby Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

DEBRA P. MARIN,

Chapter 13
Case No. 12-23649 (RDD)

Debtor.
---------------------------------------------------------------X

### OBJECTION OF CARLA L. MARIN AND PHILIP D. MARIN AS THE EXECUTOROS OF THE ESTATE OF ANA BEATROZ MARIN TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

TO:   HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE

Carla L. Marin and Philip D. Marin, as Executors of the Estate of Ana Beatriz Marin, (the "Marin Estate"), by their attorneys, Rattet Pasternak, LLP, respectfully submits this objection to the Chapter 13 Plan (the "Plan") proposed by the debtor, Debra P. Marin ("Debtor"). As explained more fully below, the Plan should not be confirmed because it does not provide for the payment in full of the Creditor's secured claims and does not propose to pay all of the Debtor's projected disposable income to make payment so unsecured creditors.

### BACKGROUND

1.    On September 17, 2012, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2.  In 2010, the Marin Estate commenced a foreclosure action against the Debtor in the Supreme Court, Dutchess County, Index No. 1298/2010 (the "Foreclosure Action") with respect to a property known as 358 Route 292, Holmes, New York (the "Property").

3.  The Debtor does not reside in the Property. In April 2006, the Debtor, as an attorney, represented herself and her then-living Mother in the transfer of the Property from the Debtor's Mother to the Debtor, as set forth in the Affidavit in Support of Summary filed in the Foreclosure Action Judgment (the "Summary Judgment Affidavit") annexed as **Exhibit A**.

4.  In connection with the transfer, the Debtor executed a Note in the amount of $135,000 and a Mortgage. The Note and Mortgage were prepared by the Debtor acting as an attorney in connection with her "purchase" of the Property from her Mother, who was not otherwise represented in the transaction, as set forth in the Summary Judgment Affidvit.

5.  The Note provides for payments in the amount of $766.52 per month. The Debtor made only 12 payments in the past 5 years. In fact, the Debtor has been financially benefitting from the Property because while at the same time she withholds mortgage payments, she has leased the Property to a tenant and is collecting $1,500 per month in rental income each month, as set forth in the Summary Judgment Affidavit.

6.  Upon information and belief, the Debtor owes the Marin Estate $130,259.25 in principal balance, interest at 5.5% from October 2007, monies advanced for taxes, insurance, and attorneys' fees, totaling at least an additional $50,000. A proof of claim form has been drafted and will be filed in a timely manner.

7.  Schedule A of the Petition lists the Debtor as being the 100% fee owner of the Property. The Debtor values the property at $95,000, and the Marin Estate's claim in the amount of $156,000. Even using the Debtor's numbers, the Property is "underwater", leaving the Marin Estate with an unsecured claim of at least $61,000.

8. Schedule D of the Petition acknowledges the Marin Estate is a secured creditor with a first mortgage on the Property, alleges the value of the property is $95,000, and alleges the amount of the Marin Estate claim is $156,000.

## OBEJCTIONS TO THE PLAN

9. The Plan, Category 2, misrepresents the Property as the Debtor's "Residence". The Debtor does not reside in the Property and upon information and belief leases the Property to tenants for $1,500 per month.

10. The Plan, Category 2, misrepresents the arrears due on the first mortgage to the Marin Estate in the amount of $36,000. Subject to the Marin Estate filing a proof of claim form in due time, the first mortgage arrears are in an amount to be set forth in the proof of claim, but in no event believed to be less than $90,000 inclusive of costs and attorney fees. The Plan does not propose to pay the correct amount of arrears over the Plan period.

11. The Plan, Category 2, proposes not to make any "current" payments on the first mortgage due to the Marin Estate during the pendency of the Plan.

12. The Plan, Category 4, alleges the Debtor does not intend to make any payments to creditors who are secured by property that is not the Debtor's residence.

13. Under Section 1325(a)(5) of the Bankruptcy Code, a plan must provide for the payment in full of all secured claims, unless the secured creditor agrees to accept a lower amount or it receives the collateral securing the claims. Here, the Debtor's Plan does not provide for payment in full to the Marin Estate, and the Marin Estate does not consent to receive less than the full amount due. Nor does the Debtor propose to surrender the collateral.

14. Accordingly, the Plan should not be confirmed. 11 U.S.C. § 1325(a); *See also, In re Barnes,* 32 F.3d 405,407 (9th Cir. 1994) (holding that a Chapter 13 plan must provide for the full

payment of the secured claims); *In re Nosker,* 267 B.R. 555, 561-62 (S.D. Ohio 2001) (holding that Chapter 13 debtor's noncompliance with Section 1325(a)(5) banned confirmation of debtor's plan).

15.  In addition, the Plan proposes payments of only $675 per month. However, Schedule J indicates that the Debtor has disposable income in the amount of $2,843.52 each month, and the Chapter 13 Statement of Current Monthly Income shows that the Debtor has disposable income each in the amount of $2,086.00 each month. The Plan does not propose to pay all of the Debtor's disposable income to the Debtor's unsecured creditors, including at least $61,000 unsecured portion of the Marin Estate claim (assuming Debtor's own numbers are true). Therefore, the proposed Plan payment has not been made in good faith and fails to comply with Section 1325(b) of the Bankruptcy Code.

16.  As set forth at the initial §341 meeting, the Marin Estate believes the Debtor has under-reported her assets and income. Accordingly, the Marin Estate reserves all rights to amend the instant objection to confirmation and/or to timely file an objection to discharge or dischargeability.

## **CONCLUSION**

17.  For the reasons set forth above, the Creditors objects to the confirmation of the Plan and respectfully requests that confirmation be denied.

Dated: Harrison, New York
       November 19, 2012

Respectfully submitted,

Rattet Pasternak, LLP
*Attorneys for Carla L. Marin and*
*Philip D. Marin, as the Executors of*
*the Estate of Ana Beatriz Marin*
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400

By:  /s/ Dawn Kirby Arnold
     Dawn Kirby Arnold