SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
---------------------------------------------------------------X
CARLA L. MARIN and PHILIP D. MARIN, as the
Executors of the ESTATE OF
ANA BEATRIZ MARIN,
                          Plaintiffs,

    -against-

Debbie Patricia Marin, aka Debra P. Marin,
Andrea Pamela Marin and Carl F. Marin, Jr.,
and "John Doe",
                          Defendants.
---------------------------------------------------------------X

**NOTICE OF MOTION**
for
**SUMMARY JUDGMENT**

Index No.: 1298/2010

Judge Forman

**PLEASE TAKE NOTICE**, that on the annexed affidavit of CARLA L. MARIN sworn to on August 8, 2012 with her accompanying memorandum of law of even date, and all with the exhibits annexed thereto, and upon all the prior pleadings, proceedings and papers previously filed and had in this matter, the undersigned will move this Court at the Courthouse, located at 10 Market Street, Poughkeepsie, New York 12601, on September 10, 2012 at 9:30 am, for an ORDER pursuant to CPLR §3212 GRANTING SUMMARY JUDGMENT in favor of the Plaintiffs and against the Defendant Debbie Patricia Marin, aka Debra P. Marin, upon the grounds that there are not any triable issues of fact and there is not any merit to the answer of the Defendant Debbie Patricia Marin, aka Debra P. Marin ("Debbie Marin"), thereby warranting the direction of judgment in favor of the Plaintiffs as a matter of law and striking the answer of the Defendant Debbie Marin; in the event that Summary Judgment is granted to the Plaintiffs, that the Plaintiffs be granted:

    1.    an order for a Receiver pursuant to RPL §245(10) to be appointed to enter upon, take possession of and manage the mortgaged property located at 358 Route 292, Holmes, NY ("Property" or "mortgaged premises"), consisting of two parcels and to receive and collect the rents (including those past due), profits and avails of the mortgaged premises, with the usual powers, during the pendency of this action;

    2.    an order of reference for a Referee to compute pursuant to CPLR §1321 of the amounts owed to the Plaintiffs under the Note dated April 28, 2006 affecting the Property;

    3.    a judgment directing the foreclosure and sale of the Property and that it be sold subject to any state of facts and inspection of the premises were disclosed, or an accurate survey of the premises would show; covenants, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises within 90 days; prior mortgage and liens, if any, and for sale of the

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

parcels in a particular order or as one parcel to the extent necessary to satisfy the indebtedness; and that the officer making such sale be directed to pay from the proceeds of the Receiver, if appointed, all taxes, assessments and water rates, which are liens on the Property sold;

4. a judgment for the Plaintiffs for sums it or its agents has paid or may be compelled to pay during the pendency of this action, taxes, assessments insurance premiums and other charges effecting the mortgaged premises, together with interest, or that the same be included in the sum otherwise due and provided for and secured by the mortgage;

5. a judgment providing that if the Defendants and/or each of them have or claim to have some interest or lien upon the said mortgaged premises, or some part thereof which interest or lien, if any, has accrued subsequently to the lien of the mortgage upon which this action to foreclose is brought is subject and subordinate thereto;

6. a judgment providing that the Defendants and each of them and all persons claiming under them or either or any of them subsequent to the filing of the notice of the pendency of this action, and every person whose conveyance is subsequent or subsequently recorded and every other person or whose lien is being challenged by being a defendant in this action, may be barred and forever foreclosed of all right, title, claim, lien, interest or equity of redemption in the said mortgaged premises;

7. an order that the said mortgaged premises or so much thereof as may be sufficient to raise the amount due to the Plaintiffs for all sums paid for insurance, taxes and assessments, and also for principal, interest and costs, and which may be sold in parcels without material injury to the parties, may be decreed to be sold according to law, and out of all the moneys arising from the sale thereof the Plaintiffs may be paid the amount due on said bond, note and mortgage, with interest to the time of such payment, together with any amounts which have been or may be advanced by the Plaintiffs to protect the security afforded by said mortgage with interest thereon from the time of such payment, and costs and expenses of this action so far as the amount of such moneys properly applicable thereto will pay the same;

8. an order adjudging and decreeing the amounts due the Plaintiffs for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney(s) fees as provided for in the mortgage and any monies advanced and paid which are secured by the mortgage, and that out of the monies arising from the sale of the mortgaged premises the Plaintiffs may be paid the amounts due on said note and mortgage plus those items hereinbefore mentioned, together with any sums as expended aforesaid, with interest allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

any deficiency that may remain after applying all of said moneys so applicable thereto, and that any award of attorney(s) fees granted by this motion does not preclude any future request for such fees for work performed after the date of this Motion pursuant to the note and mortgage at issue herein;

9. an order that either or any of the parties to this action may become a purchaser upon such sale;

10. an order that any defendant which claims some interest in or lien upon the said mortgaged premises or some part thereof which interest or lien if any has accrued subsequent to the lien of the mortgage or has been paid or equitably subordinated to such mortgage or duly subordinated thereto and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discarded in a bankruptcy petition or unless the Plaintiffs are unable to produce a copy of the note, in which case no deficiency judgment will be sought.

11. an order that in the event the Plaintiffs possess any other liens against the premises, they shall not be merged with the same and that Plaintiffs had reserved its right to share in any surplus monies arising form the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein;

12. an order that the Plaintiffs may have such other and further relief in the premises, and other and further relief, and not withstanding summary judgment, a default judgment against the defaulting defendants Andrea Marin, Carl F. Marin, Jr. and the defaulting, on appearing defendant "John Doe" with an order of reference and upon a granting of a judgment of foreclosure and sale to amend the caption to strike the names of all defendants except Defendant Debbie Patricia Marin, aka Debra P. Marin, and as the Court deems just and equitable.

Dated:  Carmel, NY
        August 8, 2012

_____
CARLA L. MARIN
Attorney for Plaintiffs
1762 Rt. 6
Carmel, NY 10512
845 225 3778

TO:
Carolyn Minter, Esq.
Attorney for Defendant Debbie Marin
Bar Building
79 Croton Avenue
Ossining, NY 10562
914 762 1458

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
_____X
CARLA L. MARIN and PHILIP D. MARIN, as the
Executors of the ESTATE OF
ANA BEATRIZ MARIN,

                                   Plaintiffs,

  -against-

Debbie Patricia Marin, aka Debra P. Marin,
Andrea Pamela Marin and Carl F. Marin, Jr.,
and "John Doe",

                                   Defendants.
_____X

**AFFIDAVIT in Support**
of
**SUMMARY JUDGMENT**

Index No.: 1298/2010

Judge Forman

State of New York    )
                             )  ss.:
County of Putnam   )

        **CARLA L. MARIN**, being duly sworn, deposes and says:

1. I am the Executrix of the Estate of Ana Beatriz Marin and am the Estate's attorney in this action. I make this affidavit in support of the Plaintiffs' (also "Estate") motion for summary judgment and for the relief requested in the Notice of Motion dated August 8, 2012.

2. I was granted Letters Testamentary by Judge Robert DiBella in October 2009, see copy of the same in **Exhibit A**. Carla L. Marin and Philip D. Marin and the Defendants, except for Defendant "John Doe" are the children of the Decedent, Ana Beatriz Marin. Defendant "John Doe" at the time this action was commenced was believed to be a tenant, of the Defendant Debbie Marin located at 358 Route 292, Holmes, NY, the mortgaged premises.

3. Prior to my Letters Testamentary, William Carlin was appointed Temporary Administrator of the Estate and his accounting is still pending in the Putnam County Surrogate's Court. Under such accounting, Mr. Carlin credits Defendant Debbie Marin ("Debbie") with twelve mortgage payments for the mortgaged premises under a Note and Mortgage during his tenure which commenced in February 2008 and ended in October 2009. **Exhibit B** contains the relevant

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

portion of Mr. Carlin's accounting concerning the mortgage premises and his letters of administration. **Exhibit C** contains the Note and Mortgage for the mortgage premises.

4. No mortgage payments where made by Debbie since 11/5/07, the day of death of our mother, Ana Beatriz Marin, except to those made to William Carlin.

**NOTE, MORTGAGE AND DEED AT ISSUE**

5. Debbie is an attorney admitted to practice law in the state of New York, residing at 10 Columbus Avenue, Valhalla, NY.

6. Debbie made, executed and delivered the Note in **Exhibit C** on April 28, 2006 where she promised to pay the sum of $135,000.00 plus interest and other things, to the mortgagee, her mother, Ana Beatriz Marin, aka Beatrice Marin.

7. As security for said Note, Debbie made, executed and delivered to her mother on April 28, 2006, the Mortgage in **Exhibit C**.

8. The premises subject to such Note and Mortgage is known as 358 Route 292, Holmes, NY having two parcel numbers in the Town of Pawling, NY:134089-6855-02-779813-0000 which consists of about .65 acres and 134089-6855-02-782800-0000 which consists of about .62 acres. A copy of the assessment roll for the Town of Pawling, NY showing the parcel numbers for the mortgaged premises is in **Exhibit C**.

9. By Deed dated May 8, 2006, the lands compromising 358 Route 292, Holmes, NY were conveyed to Debbie by her mother, the decedent. The Deed and its recording page is located in **Exhibit C**.

10. The Note, Mortgage and Deed in **Exhibit C** were prepared by Debbie acting as the attorney for herself and her mother, and were prepared by Debbie in the State of Florida. See the last page of the Note where Debbie executed it in West Palm Beach, Florida, where she has a home and stays for extended periods of time.

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

11. The Mortgage was duly recorded in the office of the Clerk of the County of Dutchess on July 24, 2006 at Document Number: 01 2006 12161, see copy of recording page in **Exhibit C**, that being the County within which the said premises were then situated, and the mortgage recording tax imposed thereon by law was duly paid. The original mortgage was marked on the Mortgage and on the Recording Page of the Dutchess County Clerk to be returned to Debbie, rather than the mortgagee and because of such, the Estate is not in possession of the original and neither was William Carlin, since I was only able to provide him with a copy as contained in **Exhibit C**.

## DEFAULT and ACCELERATION

12. Debbie has failed to comply with the conditions in the Note mentioned and described in the Mortgage to secure the payment for which the Mortgage was given. The Note was made by Debbie wherein and whereby she promised to pay to her mother, the mortgagee, the sum of SEVEN HUNDRED SIXTY SIX DOLLARS and FIFTY TWO CENTS ($766.52) per month for thirty years, commencing in April 2006. She has also failed to comply with the terms of said mortgage.

13. The Note provides that for over due principal and interest, "... shall after default bear interest at the imputed rate established by the United States Treasury Department", such long term imputed rate for February 2010 is 4.35%, see IRS Rulings in **Exhibit C**. This is a late fee.

14. The Mortgage contains similar and contradictory conditions as the Note concerning default:

    a. The Note provides that:

        i. "[i]f default be made in the payments of the whole or any part of this Note thirty (30) days after same falls due, whether principal or interest, or in the performance of any of the terms, agreements, covenants or conditions contained in the Mortgage given as security for the payment hereof, then or at any time thereafter, the entire principal of this note remaining at any time unmatured, together with the accrued interest thereon, shall at the election of the holder hereof, but only with written notice of such election and with written demand of (sic) presentment, shall become immediately due and payable at the place of payment aforesaid."

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

    ii.    Debbie "…waive[s] presentment for payment, protest and notice of protest and of non-payment…" and provides that for "[a]ny default under said Mortgage securing this Note shall be a default hereunder entitling the holder to accelerate the indebtedness hereunder."

  b.    The Mortgage provides that:

    i.    any notice to Debbie as provided for in the Mortgage shall be given by first class mail directed to the "properly(sic) address or any other address Borrower designates by notice to Lender", and, upon such first class mailing notice is deemed given to Debbie.

    ii.    mortgagee's right to accelerate the note, for any breach by Debbie or any covenant or agreement given by her in the mortgage, shall be noticed to Debbie.

        (i)  In **Exhibit D** is a copy of the default notice sent to Debbie concerning the note and mortgage.

    iii.    upon failure to cure default which results in acceleration as provided for in such mortgage a foreclosure by judicial proceeding and sale of the Property is authorized. Debbie failed to cure, attempt to cure her default, and in fact, failed to address the default notice at all; she completely ignored it.

    iv.    if Debbie does not pay all taxes, assessments, charges fines and impositions attributable to the property, the mortgagee may do and pay for whatever is necessary to protect the value of the property and the mortgagee's rights in the property, including paying any sums secured by a lien which has priority over the mortgage.

15.    Prior to this action, Debbie has failed to provide insurance coverage to and for the interests of the mortgagee under the mortgage terms. See default notice in **Exhibit D**.

16.    Prior to this action, Debbie has failed to comply with the conditions of the note and mortgage by failing to pay the principle and interest and/or taxes, assessments, insurance premiums and other charges that became due and payable on October 28, 2007 as more fully set forth below. Accordingly, the Estate elected to call due the entire amount secured by the mortgage. See default notice in **Exhibit D**.

**AMOUNTS OWED TO THE ESTATE**

17.    There is now due and owing on the mortgage the following amounts: except for the twelve payments accounted for by Mr. Carlin, Principal Balance of $130,259.25 at the interest rate of 5.5% accrued from mortgage as of at least October 28, 2007, together with monies advanced or to be advanced for taxes, insurance, maintenance or premises and the cost allowance and

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

reasonable attorneys fees as permitted by the mortgage and imputed interest at the rate of 4.35% since October 28, 2007 for all over due principal and interest payments.

18. See Amortization Schedule of the loan per the Note's terms in **Exhibit E.**

19. The Estate's only record of payment from Debbie is the twelve payments on the Note received by Mr. Carlin. Debbie had opposed my mother's choice of Executors, myself and Philip, as a bad financial choice for the Estate. Judge DiBella appointed Mr. Carlin because of the rife between the siblings as to control of the Estate, but thereafter honored my mother's desire to appoint myself and Philip to control her assets when the Will was admitted to probate.

20. During Mr. Carlin's tenure, he did not force Debbie to pay her full debt to the Estate by bringing a foreclosure action against her, so she basically had the pleasure of collecting her $1500.00 per month rent for the mortgaged property unfettered by having to pay her full obligation on the Note. This in spite of knowing the Estate was suffering financial losses.

21. When I received my Letters in October 2009 I met with Mr. Carlin who verified that Debbie only made twelve payments to him. I do know that during the time Mr. Carlin controlled the Estate, Debbie's attorney, Stuart Dweck, had constantly peppered him and his attorney with demands about myself and Philip because of Debbie's campaign against us, while completely ignoring Debbie never paid her mortgage payments in full. Mr. Carlin did not acquiesce to her demands. Debbie then attempted to remove him and Judge DiBella denied her motion.

22. The reason for Debbie's machinations was to avoid paying the Note by control of the Estate or if she was able to defeat the Will and put the Estate into Administration where she would have received 20% of the Estate, rather than 5%. What she fails to acknowledge, is that in any scenario, the payment on the mortgaged premises belong to the Estate, which is in debt to the IRS and NYS for a multimillion dollar estate tax based on high fair market value of the real property laden assets of the cash poor Estate whose assets have declined in the poor market.

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

23. In December 2009, I sent Debbie the default notice in **Exhibit D**, which she ignored, that precipitated this action. Then she decided that the Estate owed her the costs she incurred in her effort to defeat her mother's Will (see her answer in **Exhibit H**).

24. Debbie never sent any payment to 65 Hill and Dale Road, Carmel, NY the place of payment under the terms of the note and mortgage after our mother's death on 11/5/2007. I am the only one, since my mother's death, who collects the mail there so I have direct personal knowledge of such. Prior to giving Mr. Carlin my mother's books and records when he requested them in March 2008, I did not see any records for mortgage payments from Debbie in those books. Those books have not been returned to me because his accounting is not finalized. When I met with Mr. Carlin right after he was appointed I informed him of Debbie's failure to submit mortgage payments. When I was granted Letters, I met with Mr. Carlin and he told me that the only record the Estate had of mortgage payment made by Debbie where the 12 payments he received from her.

## COMMENCEMENT OF FORECLOSURE ACTION AFTER NOTICE OF DEFAULT

25. Prior to this action being commenced, more than thirty days have elapsed since Debbie was given written notice of her default under the mortgage and the note, such default had continued since such default notice was given to Debbie, and the Plaintiffs elected the whole of said principal sum due in accordance with the conditions contained in said note and mortgage and instituted this foreclosure action. Debbie remains in default in payments on the Note.

26. That the Estate of Ana Beatriz Marin is still the lawful owner and holder of said Promissory Note and Mortgage.

27. A copy of the Summons and Complaint[1] (and for the Defendant tenant "John Doe" a Notice to Tenant given on a separate piece of Pink Paper) were all made and served in accordance to

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

---

[1] Without exhibits for they are in other Exhibits to this motion.

statute, and copy of the affidavits of service of the same as filed in this Court, are attached in **Exhibit F**.

28. In **Exhibit D**, are copies of the default notice I afforded to Debbie per the Note and Mortgage, which terms of default provisions are conflicting. The default notice was attached to the complaint served. I mailed her the default notice dated 12/19/09 on December 19, 2009, see my affidavit of service sworn to on 12/21/2009 in **Exhibit D**. The default notice was mailed to her at her home at 10 Columbus Avenue, Valhalla, NY 10595 and to her address stated in the Mortgage which is the mortgage premises. The Mortgage only requires a mailing by first class mail which was done. I also gave Debbie notice of default in January 2008 and January 2010 in the Surrogate's court: see court transcripts, relevant portions, in **Exhibit G**.

29. Despite the default notices, written and oral given to Debbie, per the terms of the Note she drafted, she WAIVED presentment of default, see the third and second to last paragraph of the first page of the Note. Therefore, Debbie, the attorney drafter of the Note and Mortgage, even if not entitled to a default notice, was provided it multiple times prior to the institution of this foreclosure action.

30. Debbie appeared and filed an answer to the Complaint (copy in **Exhibit H**) and the remaining defendants defaulted[2] in answering the complaint, but have appeared in this action, except for the Defendant tenant "John Doe". She then made a motion to dismiss the complaint in May 2011 also seeking a stay of the action and an award of counsel fees. The motion was denied. See **Exhibit I**, decision of Judge Sproat. Judge Sproat found that the complaint did state a cause of action and that Debbie did not establish any defense to the claims asserted as a matter of law[3].

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

---

[2] Andrea Marin also made a pre answer motion to dismiss which resulted in an order denying her relief and required her, if she so wished, to answer the complaint by a certain date. She submitted an answer beyond the required date and I rejected her answer. She never motioned the Court for failure to comply with Judge Dolan's order. See **Exhibit H**.

[3] As argued in the motion to dismiss this action before Judge Sproat, CPLR §3211 required that Debbie put forth documents that conclusively prove the Estate claims in its complaint in this action are unfounded *and* which proves that she paid the mortgage and was not in default. She did not do this. She failed to establish she had documentary proof of

## ESTATE'S BURDEN ON SUMMARY JUDGMENT

31.  The Estate on this motion has met its *prima facie* burden for relief for foreclosure on summary judgment by submitting the Note, Mortgage in **Exhibit C** and proof of default in **Exhibit D,** and this, my affidavit, which is made on direct and personal knowledge of the same. *Citibank, NA v. Van Brunt Props. LLC*, 95 AD3d 1158 (2nd Dept. 2012). Furthermore, Debbie's answer does not contain any allegations of a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud or oppressive or unconscionable conduct by the Plaintiffs. *Citibank, N.A. v. Ban Brunt Props., LLC*, 95 AD3d 1158 (2nd Dept. 2012) and therefore an issue of material fact does not exist. *Madison Park Invs. LLC v. Atlantic Lofts Corp.*, 33 Misc.3d 1215(A) (NY Co. Sup. 2011); Judge Sproat's decision in **Exhibit I**.

## REQUEST FOR A RECEIVER

32.  The Mortgage provides that upon acceleration the mortgagee shall be entitled to enter upon, take possession of and manage the Property and to collect its rents including those past due, via a judicially appointed receiver. The Mortgage at its paragraph 19 provides for the appointment of a Receiver and such rents collected can be applied to the fees of such Receiver prior to payments due on the Note, at the discretion of this Court. Paragraph 19 shows Debbie's agreement to a Receiver in this action. Moreover, a receiver is also requested because any attempt to resolve this action with Debbie resulted in futility, and the security and protection of the mortgage is needed, and the Receiver can inquire as to the tenant located at the property, who is the tenant and what is the terms of the rental, how rent is paid and so forth.

33.  Debbie has collected rents from the Property since her purchase in the amount of $1,500.00 per month, having kept the same tenants at the premises as did the mortgagee. Debbie continues to the present to collect rents from the premises and continues to refuse to pay the mortgage. Due to the tenancy located at the mortgage premises, a receiver is requested in the discretion of

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

a defense to this action. See **Exhibit I**, Judge Sproat's decision regarding lack of documentary evidence. Debbie did not have the proof then and she does not have it now.

this Court to collect and receive rents and as requested in my Notice of Motion. Debbie has shown a complete disregard for the Estate's rights in this action, and only upon stringent demand has she recently produced proof of insurance for the mortgage premises. Further, the Estate needs to be protected from any claims of the tenant against the mortgaged premise and a Receiver will be able to manage and account for the property, its rents and provide protection for the same and the Estate's interest by acting at the discretion of this Court. Also, rents collected can be ensured to pay operating expenses of the mortgaged premises so that no defaults concerning for example, taxes and insurance or tenant actions, will lie.

34. The mortgage provides that Debbie is to keep the property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards for which the mortgagee requires insurance and maintained in the amounts and period that mortgagee requires and include a standard mortgage clause; and that the mortgagee shall have the right to copies of such policies and renewals and if required by the mortgagee and also is entitled to prompt receipt of all paid premiums and renewal notices. These are things the Receiver can insure compliance and will not refuse to provide the Estate because of any personal interest to the contrary.

35. In order to protect its security interest, the Plaintiffs /Estate or its agents has paid or may be compelled to pay during the pendency of this action, taxes, assessments insurance premiums and other charges effecting the mortgaged premises, especially if a Receiver is not appointed by the discretion of the Court. Plaintiffs request that any sums it or its agents have paid or will be required to pay, together with interest, be included in the sum otherwise due and provided for and secured by the Mortgage. At this time, the Estate has not paid any such amounts.

36. The Note/Mortgage evidences a contractual agreement by Debbie to the Estate for a Receiver in this foreclosure action. *Citibank, NA v. Van Brunt Props., LLC*, 95 AD3d 1158 (2nd Dept. 2012). The appointment of a Receiver is in the discretion of this Court and requested as

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

discussed above to preserve the rents, make sure the taxes are paid and that monies are available to manage the Property and if applicable, to pay the Estate on the Note and thereby reduce any deficiency or amount on sale due the Estate. *Id.*; *Hoffman v. Hoffman*, 81 AD2d 6000 (2nd Dept. 2011); *Third Madison Realty Assoc. v. Ramapo Racquetball Assoc.*, 123 AD2d 682 (2nd Dept. 1986).

37. Due to the agreement for a Receiver, RPL §254 (10) applies and provides that a mortgagee, here the Estate, shall be entitled to the appointment of a receiver in the event of default or defaults in paying principal, interest or taxes. This is tempered by the Court's discretion in so appointing a Receiver, and may so do in appropriate circumstances. *Id.* Appointments are made when necessary for the security and protection of the mortgage or when the parties have almost completed a re-organization plan concerning the payment of the Note. *Id.* Here, Debbie has had more than ample time to pay the Estate, even time to refinance or sell the property to satisfy her debt. I even re-iterated the Estate's desire to not request a sale if she would pay the entire debt, which she did not. The Estate remains unpaid by Debbie to date.

38. Debbie is the only defendant liable for any deficiency following the foreclosure and sale of the mortgaged property. RPAPL §1371. The amount of any deficiency will be by motion pursuant to RPAPL § 1371.

## DEFAULT JUDGMENT

39. The tenant of the mortgaged premises, designated as "John Doe" in this action, was served a copy of the summons and complaint together with a lis pendens and a statutory Notice to Tenant on pink paper as required by statute. The affidavit of service shows that a woman found residing at the premises was personally served as a "John Doe". No answer to the summons and complaint was made by "John Doe". I am a plaintiff and am the attorney for the plaintiff Estate

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

and as a party, I have verified the complaint herein which complaint is based on my personal knowledge. CPLR §3215(f).

40. This case has been delayed for a number of reasons: first and foremost, the illness of Judge Dolan, the first judge assigned to this matter and lack of another judge assigned, the two motions to dismiss this action by defendant's Debbie Marin and Andrea Marin, the delay in assigning Judge Forman to this action, the death of an attorney in this matter, George Delaney and various court conferences concerning possible settlement of the action and establishment of defendants Andrea Marin and Carl Marin from any opposition to the resolution of the action. CPLR §3215. See their letters to this Court in **Exhibit H**.

41. Since this case has multiple defendants, a request that upon this court's decision, if summary judgment is granted, and if an order of reference is granted, that this Court will direct how, the defaulting defendant will be served with such order(s), and that the Plaintiffs' burden as to amount due as to such defendants will be satisfied by being the subject of the reference to compute a long account as contemplated by RPAPL§ 1321 and CPLR §4317. CPLR §3215; *BAC Home Loans Servicing, LP v Mauer*, 36 Misc.3d 1210 ( Queens Co. Supreme 2012).

42. On July 1, 2012 I mailed to defendant "John Doe", a copy of the summons and complaint in this action, by first-class mail to the defendant at her place of residence ( address 358 Route 216, Holmes, NY 12531) in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt, despite the fact that the defendant "John Doe" is not a contractually obligated natural person to this action concerning the Note and Mortgage, because that provision of the CPLR applies to mortgage foreclosure actions; CPLR §3215(g)(3); CPLR §3215(g)(3)(iii); CPLR §308. The envelope was not returned to me. This mailing was not done for Andrea Marin nor Carl F. Marin, Jr., due to their correspondence to the Court concerning

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

their position in this action, copies in **Exhibit H.** None of the defendants in this action are infants or have been judicially declared incompetent.

## ATTORNEY FEES and COSTS

43. The amount of attorneys' fees award pursuant to a contractual provision is within the court's sound discretion, based upon such factors as time and labor required. *Matter of Ury*, 108 Ad2d 816 (2nd Dept. 1985). Fees awarded pursuant to terms of the contract are only to the extent reasonable and warranted for services actually rendered. *Kamco Supply Co. v. Annex Contraction, Inc.*, 261 AD2d 363 (2nd Dept. 1999). Provisions in contracts for attorney fee payments, in the event it is necessary because the aid of counsel is necessary for enforcement or collection, are valid and enforceable. *Roe v. Smith*, 278 NY 364 (1938). The issue of the apportionment of the fee is controlled by the circumstances and equities of each particular case. *Grossman v. Grossman*, 260 Ad2d 602 (2nd Dept. 1999).

44. Paragraph 18 of the Mortgage provides for attorney fees to the attorney for the Estate in attempting to collect the payment due to it under the provisions of the Note and Mortgage. I am the Executrix of the Estate and also its attorney. **Exhibit J** contains a detailed billing of my time spent on this foreclosure action to date and I ask that I be awarded these fees and costs[4] which are current to the date this motion is made. The total sum requested is $44,056.48, which is made up of: 121 hrs @350.00 per hour or $43,487.50, $14.00 in faxes/scans, $9.50 in parking (for Court appearances in the City of Poughkeepsie lot off of Market St.), $245.50 for Court Filing fees, $35.56 in postage and $265.30 in copy costs. I have not charged for time spent speaking with George Delaney or Philip Marin, whether on the phone or in meetings about this case and the course it has taken or should take and in relation to the work required in the Probate case and the resulting appeals. I ask that I be granted the ability to further move for

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778
carlamarin.com

---

[4] Costs include those I paid myself and those paid by the Estate as delineated in **Exhibit J**. I have provided copies of receipts and checks; copies are .30 per page, faxes/scans $1.00 per page and the going rate for postage, parking and the like.

attorney fees and costs for the amount of time expended in continuing what needs to be done in this action, i.e. the remainder of work on this motion based on Debbie's response(s) to it, and the work required after a decision on this motion is made.

45. As previously established, I am the Executrix of the Estate and also the attorney for the Estate. As such, I am requesting attorney fees because Debbie, who drafted the Note and Mortgage, contractually provided this and agreed to it with the mortgagee, our mother.

46. My customary hourly rate for at least the last 7+ years is $350.00 per hour whether I perform legal work in Westchester, Putnam or Dutchess County. I am a member of the NY Bar in good standing since March 1990, having graduated from Pace University in the summer of 1989. I have extensive experience in litigation, particularly motion drafting. My practice includes divorce and real estate litigation primarily until the last five years, which years have been mostly devoted to probate law in the Surrogate's Court, the Appellate Division and the Court of Appeals, due to the strong opposition led by Debbie Marin to defeat our mother's Will.

47. My set standard for drafting motions and legal memoranda is to be as thoroughly possible, given consideration to the time I have to prepare and research the law in every form: statutes, regulations, cases, rules, treatises, form books, etc. This method ensures that I am brought up to date with any changes in the law, ascertain that no changes have been made, all of which results in the required competence to draft the motion papers, though not fool proof. This is how I was taught as a law student to approach the examination of the law, despite experience with the subject matter. To rely on one's experience alone, without inquiry into the status of the current law, can be subject to failure. The time expended may be longer than most attorneys, but the accomplishment is tailored to approach a sound result. It does not follow that an experienced attorney is necessarily given the luxury of not putting in their research time just because they have been a member of the bar longer than others. Skill is not based on speed or time, compare *Frances v. Atlantic Infinity, Ltd.*, 34 Misc.3d 1221(A) (Queens Co. Sup. 2012).

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

48.   The two motions to dismiss involved issues that are normally not brought up by skilled attorneys. Andrea and Debbie each had convoluted motions that necessitated an in dept explanation of why their motions lacked merit or reason. They basically threw in the kitchen sink into their motions without regard to any basis in law, nevertheless a sound basis. This required a closer examination of issues not normally present in a foreclosure due to the probate issues at the time, which involved, for example, appeals of the Will, a construction proceeding and an accounting proceeding. *Centre Great Neck Co. v. Penn Encore*, 255 AD2d 543 (1998). This was true for the preparation of the default notice and the pleadings which required research on the conflicting information in the Note and Mortgage prepared by Debbie which is outside the norm and lacked clarity. Multiple defendants complicated the case, proof of which resulted in Andrea's belief she was entitled to a dismissal and sanctions against me for having named her a party. *Id.*

49.   Even if I had an office in Dutchess County, I would not be privy to what other attorneys charge for foreclosure cases, since I do not regularly practice in this area, and even if I did, I still would be hard pressed to know what the going rate was-this is something attorneys do not talk about and is awkward. I searched case law and found that in 2010, a customary fee for estate work in Dutchess County was $300.00 per hour in 2009, three years prior to my request of $350.00 per hour now in 2012. *Matter of Barich*, 27 Misc.3d 1224(A) (Dutchess Co. Surr. Ct. 2010); in a case decided in 2009, $280.00 was comparable, see *Matter of Sadlo*, 25 Misc.3d 1205 (A) (Dutchess Co. Surr. Ct. 2009); in 2008, the acceptable, reasonable, rate was $200.00, *Matter of Larsen*, 50 AD3d 41 (2nd Dept. 2008). *Centre Great Neck Co. v. Penn Encore*, 255 AD2d 543 (2nd Dept. 1998). A reasonable rate is also that rate a client is willing to pay. *Peterkin v. Riverbay Corp.*, 27 Misc.3d 1214 (A) (Bronx Co. Supreme 2010). Here the Estate is non liquid and cannot afford outside counsel and given that both executors are experienced attorneys, there is no need to hire outside counsel.

CARLA L. MARIN
*Attorney*
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com

## JUDGMENT OF FORECLOSURE AND SALE, ORDER OF REFERENCE

50. The Estate, if granted summary judgment, also requests judgment of foreclosure and sale of the mortgaged premises, an order of reference for a Referee to compute pursuant to CPLR §1321 of the amounts owed to the Estate under the Note dated April 28, 2006 affecting the mortgage property and the relief stated in its Notice of Motion dated August 8, 2012. and to point out, apart from Summary Judgment, the Estate requests a default judgment with an order of reference for the defaulting defendants, which are all defendants except Debbie Marin, and a judgment of foreclosure and sale upon confirmation of the referee's report whether separately or together with a default or summary judgment in this action.

**WHEREFORE,** the motion should be granted in its entirety.

_____
CARLA L. MARIN

Sworn to before me this
8th day of August 2012

_____ Notary

CAROL GUGLIERI
Notary Public, State of New York
No. 01GU6031954
Qualified in Putnam County
Commission Expires October 12, 20 13

CARLA L. MARIN
Attorney
1762 Rt 6
Carmel, NY 10512
845 225 3778

carlamarin.com