RATTET PASTERNAK, LLP
*Attorneys for Carla L. Marin and*
*Philip D. Marin, as the Executor s of*
*the Estate of Ana Beatriz Marin*
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Dawn Kirby Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                              Chapter 13
DEBRA P. MARIN,                            Case No. 12-23649 (RDD)

                          Debtor.
-------------------------------------------------------------X

### STATEMENT OF THE ESTATE OF ANNA BEATRIZ MARIN IN SUPPORT OF THE CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

TO:    HONORABLE ROBERT D. DRAIN,
          UNITED STATES BANKRUPTCY JUDGE

      Carla L. Marin and Philip D. Marin, as Executors of the Estate of Ana Beatriz Marin, (the "Marin Estate"), by their attorneys, Rattet Pasternak, LLP, respectfully submit this statement in support of the Chapter 13 Trustee's motion to dismiss (the "Motion") the Chapter 13 case filed by Debra P. Marin ("Debtor").  As explained more fully below, the Marin Estate believes the case should be dismissed because the Plan of Reorganization (the "Plan") is not feasible, fails to propose payment of current mortgage or mortgage arrears to the Marin Estate yet proposes to retain the property, and does not propose to pay all of the Debtor's projected disposable income to the Plan.

### BACKGROUND

      1.     On September 17, 2012, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

**The Investment Property in Holmes, NY**

2. In April 2006, the Debtor, as an attorney, represented herself and her then-living mother in the transfer of property known as 358 Route 292, Holmes, New York (the "Property") from the Debtor's Mother to the Debtor.

3. In connection with the transfer, the Debtor executed a Note in the amount of $135,000 and a Mortgage. The Note provides for payments in the amount of $766.52 per month. The Note and Mortgage were prepared by the Debtor acting as an attorney in connection with her "purchase" of the Property from her mother, who was not otherwise represented in the transaction. A copy of the Note and Mortgage are annexed as **Exhibit A.**

4. Several months later, on November 5, 2007, the Debtor's mother Ana Beatriz Marin passed away.

5. Upon information and belief, in the 5 years leading up to the Chapter 13 Filing, the Debtor only made 12 mortgage payments, during which time she profited by renting the Property to tenants and collecting approximately $1,200 - $1,500 per month in rental income.

6. On October 16, 2009, the Debtor's sister and brother, Carla L. Marin and Philip D. Marin were granted Letters Testamentary by Judge Robert DiBella. As such, Carla and Philip became fiduciaries of their mother's Estate and were empowered to perform all acts requisite to the proper administration and disposition of their mother's Estate. A copy of the Letters Testamentary is annexed as **Exhibit B**.

**The Foreclosure Action**

7. In 2010, the Marin Estate commenced a foreclosure action against the Debtor in the Supreme Court, Dutchess County, Index No. 1298/2010 (the "Foreclosure Action") with respect to the Property.

8. A motion for summary judgment was filed and initially returnable on September 10, 2012.

**The Chapter 13 Proceeding**

      9.      On September 17, 2012, the Debtor filed the instant Chapter 13 case.

      10.      On January 9, 2013, the Marin Estate filed Proof of Claim No. 1 in the amount of $253,307.91. The Claim was accompanied by a statement of Carla L. Marin providing a break down of the amounts due on the mortgage.

      11.      The Debtor failed to make any payments on the mortgage until, faced with the Marin Estate's intention to file a Motion to Lift the Automatic Stay, on February 4, 2013, the Debtor delivered money orders for the monthly mortgage payment for October 2012 – February 2013.

**The Schedules and Statement of Financial Affairs**

      12.      Upon information and belief, and according to the Debtor's sister, Executrix Carla Marin, the Debtor's Schedules and Statement of Financial Affairs contain inaccuracies.

      13.      <u>Jewelry</u>. Schedule B, Question 7 indicates the Debtor does not own any jewelry. The Debtor's sister, Executrix Carla Marin, believes the Debtor has a wedding band and multiple pieces 18K gold jewelry purchased by the Debtor's mother in Italy and given to the Debtor, including large necklaces, bracelets and earings.

      14.      <u>Artwork</u>. Schedule B, Question 5 indicates the Debtor does not own any pictures or art objects. Statement of Financial Affairs Question 14 indicates the Debtor is not holding any property for another person. The Debtor's sister, Executrix Carla Marin, believes the Debtor is in possession of a large, valuable photographic portrait of their mother which was taken from their mother with the promise to return it.

      15.      <u>Bank Accounts</u>. Statement of Financial Affairs Question 14 indicates the Debtor is not holding any property for another person. The Debtor's sister, Executrix Carla Marin, believes that the Debtor, a practicing attorney, must maintain an attorney IOLA or Master Escrow accounts.

16. <u>Income</u>.  Schedule I indicates the Debtor's wage income is approximately $7,653.13 per month.   The Debtor's sister, Executrix Carla Marin, believes the Debtor, a practicing attorney, failed to report the following income:

   a. Active cases listed on the NYS Court website.

   b. Potential personal injury case referral fees from Stuart Dweck, Esq. and/or Carol Mintner, Esq.

   c. The Debtor did not provide a break-down of rents she is purportedly receiving on the subject Property as well as property she owns in West Palm Beach, Florida and her residence in Valhalla NY a portion of which is believed to be rented to a tenant.

   d. In addition, Executrix Carla Marin believes the Debtor did not properly document her husband's income, and the Debtor was asked at the 341 meeting to provide a third party affidavit.

17. <u>Expenses</u>.  The Debtor fails to provide any information concerning the expenses of the operation of her law practice, office rent, telephone, internet, supplies, postage, etc.

18. <u>Rights as a Distributee</u>.  Schedule B, Question 20 indicates the Debtor does not have any interests in the estate of a decedent.  However, Question 35 indicates the Debtor may be a beneficiary of the Marin Estate.  The Debtor fails to disclose that she may also be a Distributee of her mother's estate to the extent proceeds of a wrongful death lawsuit may be collected by the Estate in a pending litigation of which the Debtor is well aware.

19. The Debtor has failed to file any operating reports for her business, so it is impossible to determine whether she properly accounted for all income and expenses during the Chapter 13 case.

**The Chapter 13 Plan**

20. The Plan, Category 2, misrepresents the Property as the Debtor's "Residence".  The Debtor does not reside in the Property and upon information and belief leases the Property to tenants for $1,500 per month.

21. The Plan, Category 2, misrepresents the arrears due on the first mortgage to the Marin Estate in the amount of $36,000. The Plan does not propose to pay the correct amount of arrears over the Plan period.

22. The Plan, Category 2, does not propose to make any "current" payments on the first mortgage due to the Marin Estate during the pendency of the Plan.

23. The Plan, Category 4, alleges the Debtor does not intend to make any payments to creditors who are secured by property that is not the Debtor's residence.

**Failure to Amend the Schedules, SOFA and Plan**

24. The Debtor has been aware for months that she must amend the Schedules, SOFA and Plan to properly reflect her property, income and propose Plan terms.

25. The Debtor has not taken any steps to amend the documents or progress her case.

### RELIEF REQUESTED

26. The Marin Estate supports the Trustee's Motion to Dismiss on the grounds that the Debtor has failed to provide the Trustee with required documentation, and the Debtor's Plan is not feasible.

27. Under Section 1325(a)(5) of the Bankruptcy Code, a plan must provide for the payment in full of all secured claims, unless the secured creditor agrees to accept a lower amount or it receives the collateral securing the claims. Here, the Debtor's Plan does not provide for payment in full to the Marin Estate, and the Marin Estate does not consent to receive less than the full amount due. Nor does the Debtor propose to surrender the collateral.

28. Moreover, the Plan proposes to contribute only a small portion of the Debtor's disposable income. The Plan proposes payments of only $675 per month. However, Schedule J indicates that the Debtor has disposable income in the amount of $2,843.52 each month, and the Chapter 13 Statement of Current Monthly Income shows that the Debtor has disposable income each

in the amount of $2,086.00 each month.  Therefore, the proposed Plan payment has not been made in good faith and fails to comply with Section 1325(b) of the Bankruptcy Code.

29.    The delay caused by the Chapter 13 case is prejudicial to the Marin Estate, which owes substantial monies to the IRS.  The Justice overseeing the administration of the Marin Estate has deemed the entire matter to be stayed pursuant to the Bankruptcy Automatic Stay.  This further prejudices the administration and payment to creditors of the Marin Estate.

30.    Accordingly, the Marin Estate supports dismissal of the Chapter 13 case.

## CONCLUSION

31.    For the reasons set forth above, the Marin Estate supports the Chapter 13 Trustee's Motion to Dismiss.

Dated:  Harrison, New York
        February 25, 2013

                                              Respectfully submitted,

                                              Rattet Pasternak, LLP
*Attorneys for Carla L. Marin and Philip D. Marin, as the Executors of the Estate of Ana Beatriz Marin*
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400

By: */s/ Dawn Kirby Arnold*
     Dawn Kirby Arnold