UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re                                                                                    Case No. 12-23649(rdd)

**DEBRA MARIN**
                                                                                              Chapter 13

                                           Debtor.
-----------------------------------------------------------------X

## OBJECTION TO CREDITOR'S PROOF OF CLAIM

1.  The Debtor, Debra P. Marin, hereby objects by her attorneys, Clair & Gjertsen, Esqs., to the proof of claim filed by Estate of Ana Beatriz Marin (hereinafter the "Creditor"). Said proof of claim is for a secured amount of $150,000.00, an unsecured amount of $103,307.91 with arrears of $253,307.91.

2.  This objection is based on the improper accounting by Creditor as to pre-petition arrears, the amounts sought for attorneys' fees and creditor's impermissible bifurcation of the debt and indecipherable Proof of Claim. Debtor and her counsel have reviewed the Creditor's claim and dispute this claim as it is simply incomprehensible as it stands and must be further clarified before it can be properly dealt with in Debtor's Chapter 13 plan.

3.  In the Statement of Carla Marin as Executrix in Support of the Proof of Claim of the Estate of Ana Beatriz Marin (hereinafter the "Marin Statement") (**Exhibit "A"**), Paragraph 8 states that Debtor made only twelve (12) payments. This claim is a falsity. Debtor made at least twenty-five (25) payments, proof of which is attached hereto and incorporated herein as **Exhibit "B"**, together with an Affirmation of Service by Carolyn Minter, who was the attorney of record for Debtor in the foreclosure action commenced by Carla Marin in Dutchess County Supreme Court, Index no 1298/2010 (hereinafter the "Foreclosure Action"). Thus, Creditor's assertion as

1

to what is due and owing for pre-petition arrears must be re-computed to account for all payments made.

4. The Marin Statement further alleges in Paragraph 12 thereof that Debtor has failed to make any post-petition payments to the Creditor. This allegation is also without merit. Debtor has made all required post-petition payments as evidenced by **Exhibit "C"**. In fact, Debtor's office, in response to Carla Marin's representation that she did not receive these payments, directed Debtor to put a stop on these payments and a certified check was sent from Debtor's counsel to Creditor's counsel.

5. In fact, as supported by the annexed affidavit of Andrea P. Marin (**Exhibit "D"**), on January 31, 2013 at a status conference held at Dutchess County Surrogates Court in the Matter of The Estate of Beatriz Marin, Putnam County Surrogates Court Number 207/2007, Carla Marin confirmed to the Law Secretary, Amee Van Tassle, that she refused to accept mortgage payments from Debtor under the advice of the decedent's Estate's bankruptcy attorney. Thus, any perceived default by Debtor in making post-petition payments on the mortgage is not due to any fault of Debtor.

6. Furthermore, the Proof of Claim submitted is incorrect on its face (**Exhibit "A"**). First, Creditor makes a claim as of date case is filed for $253,307.91, but then states that the amount of arrearage is also $253,307.91. Creditor then bifurcates the debt as $150,000.00 secured and $103,307.91 unsecured. The information provided is clearly incorrect, and there is no way to decipher the numbers as no further accounting of the amounts used in the claim has been provided by Creditor.

7. Additionally, Debtor objects to Creditor seeking interest upon interest. It is respectfully submitted that it is impermissible for same to be sought in this matter. New York

2

General Obligations Law §5-527 (**Exhibit "E"**) which discusses the enforceability of compound interest clearly states that the provision of this section shall not be applicable to any loan or other financing agreement where the original principal debt is in an amount of $250,000 or less. The original principal debt herein was $130,000.00, thereby excluding it from subjection to compound interest.

8.     Furthermore, the Creditor seeks $44,056.48 for attorney's fees in the foreclosure and $5,000.00 in bankruptcy counsel fees. It is respectfully submitted that these amounts are both excessive and impermissible, and for several most basic of reasons, Creditor is not entitled to the attorney's fees which appear to be included in its proof of claim.

9.     It is well-established practice that the reasonableness of attorney's fees are determined by certain factors, including time and labor expended as well as the skill required; the complexity of the matter involved; the skill required to handle the problem presented; the attorney's experience, ability and reputation; the client's benefit from the service and the fee usually charged by other attorneys for similar services. See Matter of Potts, 213 App.Div 59 (1925), aff'd 241 N.Y.593 (1925); Matter of Freeman, 34 N.Y.2d 1 (1994); Towers Co. v. Trinidad and Tobago, 903 F.Supp 515 (S.D.N.Y. 1995)

10.    Applying this to the case at bar, it is submitted that the fees sought by Creditor are excessive and unreasonable. Debtor's attorneys regularly practice in the area of foreclosure and the fees incurred for same, even in a protracted action taking years, do not even come close to this inflated number. Carla Marin admits in her Affidavit in Support of the Motion for Summary Judgment brought in the Foreclosure Action, which is included as an attachment to Creditor's Proof of Claim (**Exhibit "A"**), that she does not regularly practice in this area. Setting aside her

3

rate of $350 per hour and whether it may be may be deemed "reasonable", the amount of time she has alleged in her Time Record is highly excessive. ( **Exhibit "F"**).

For instance, the time records start out with two hours for a review of a note and mortgage which consist of 3 ½ pages of material in toto.

The variance between what took place here and in what would normally take place in the institution of a foreclosure action by any attorney with a modicum of experience is then shown to be extreme when one sees that between the end of January 2010 and the final drafting of a summons and complaint on February 19 no less than 24 hours of research was supposedly engaged in by Carla Marin.

The extreme amount of time it took Ms. Marin is apparent throughout the time records. Considering that a typical award of counsel fees in a completed residential mortgage foreclosure is well less than $5,000.00, it is clear that grossly excessive time was spent if the time records are taken at their face value and that there is no justification at all for imposing same upon the debtor herein.

Lack of experience is a factor to be used in the determination of the reasonableness of fees (See Francis v. Atlantic Infiniti, Index no. 19953/06 (N.Y. Sup Ct., Queens Co., Feb 7, 2012). Debtor should not be penalized due Ms. Marin's lack of expertise by having to "pay" for her education in the area of foreclosure law.

11.    Additionally, there is a clear issue as to whether Carla Marin is even entitled to the awarding of fees in this matter. The Court's attention is directed to the cases of Kay v. Ehrler, 499 U.S. 432 (1991) and Matter of Mayerson v. DeBuono, 181 Misc2d 55 (1999), annexed hereto and incorporated herein at **Exhibit "G"**, both of which stand for the proposition that a pro se litigant is not entitled to fees, whether or not the litigant is a lawyer. It is submitted

4

that the reasoning in these cases is on point in this matter – specifically that before attorney's fees can be awarded, such fees must actually be incurred.

12.  In applying this reasoning to the case at hand, first, the Complaint in the Foreclosure action is signed by Carla Marin as "attorneys for the estate – pro se". There is no claim in the Complaint that Ms. Marin is an attorney for the estate. Rather, the Complaint states that she brings the action as the Executrix and merely states that she is also "an attorney". She did not commence or maintain the action as an attorney for the estate. Therefore, she is not entitled to attorney's fees. **(Exhibit "H")**

13.  Moreover, 22 NYCRR § § 1215.1 and 1215.2 specifically requires that when the fee to be charged to the client is expected to be over $3,000.00, a written letter of engagement is required. Ms. Marin has never provided a retainer agreement showing any fee arrangement she had.

14.  The law is well-settled that an attorney may not accept employment in contemplated or pending litigation if (s)he knows or it is obvious that (s)he or a member of his/her firm ought to be called as a witness. See Matter of Bartoli, 143 A.D.2d 830 (2d Dept 1988); Brill v. Friends World Coll., 133 A.D.2d 729 (2d Dept 1987) **(Exhibit "I")**. Carla Marin and the Debtor have had an extremely contentious relationship for some time, long before Ms. Marin was appointed Executrix of their mother's estate and before she commenced the foreclosure action. The likelihood of her having to be a witness in a contemplated litigation was all but a given. Thus, Carla Marin, due to her appointment of Executrix, was prohibited to act also as Creditor's attorney without court permission to wear both hats. Therefore, no attorney's fees are warranted for the Foreclosure Action and the proof of claim filed herein must be dismissed or amended.

WHEREFORE, it is respectfully requested that due to the inaccuracies of the claim as well as the substantial questions as to the amount and nature of the monies claimed by the Creditor, Estate of Ana Beatriz Marin, Claim No. 1, the claim must be withdrawn and resubmitted by Creditor after a proper accounting is had. Once the issues of the Creditor's proof of claim are resolved, Debtor shall revise any schedules and the Plan as appropriate.

Dated: April 4, 2013

                                          CLAIR & GJERTSEN, ESQS.

                                          By: _s/_____
                                          Gary R. Gjertsen, Esq.
                                          720 White Plains Road
                                          Scarsdale, NY 10583
                                          (914) 472-6202