DATE: November 20, 2013
TIME: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

    DEBRA P. MARIN

CHAPTER 13

Case No.: 12-23649 (rdd)

        Debtor.
-------------------------------------------------------------------X

## CREDITOR'S REPLY TO DEBTORS' OBJECTION TO PROOF OF CLAIM # 1-1

Wendy Marie Weathers, Esq. affirms under penalties of perjury the truth of the following:

1. I am an attorney with the firm of Cabanillas & Associates, PC, attorneys of record for creditor, Estate of Ana Beatriz Marin (hereinafter "the Estate") in this matter and duly admitted to practice law in the State of New York and in this court.

2. Estate's Proof of Claim filed on January 9, 2013 will be amended to reflect the full secured claim of $253,307.91 and provide a detailed accounting of same.

3. Additionally, Debtor has failed to provide proof of payment post petition for September 2012, March 2013. April 2013 and May 2013.

4. Pursuant to the Note dated April 28, 2006 not only drafted but executed by Debtor, Debra P. Marin, "Any overdue principal balance, together with….any overdue installment of interest, shall after default bear interest at the imputed rate established by the United States Treasury Department."

5. The Estate calculated said default interest at the imputed rate of 4.35% since October 2007.

6. As to Debtor's argument that the attorney's fees are excessive and unreasonable, the Estate disagrees.

7. An Estate appears as a party in litigation through its executors, EPTL 11-4.1. An attorney executor, because of their personal interest being at stake when they are also

{00387009 /1 }

a beneficiary is PERMITTED to act as the attorney for the Estate because of the direct financial interest in the Estate and this triggers the right to choose counsel. See *Matter of Walsh*, 17 Misc.3d 407 (Bronx Co. Surrogate 2007) which was a case of first impression, and *UBS Fin. Servs. Inc. v Luboja & Thau Empl. Profit Sharing Plan*, 26 Misc.3d 1208 (NY Co. Supreme 2009) and *Matter of Deans,* 92 A.D.3d 879 (2nd Dept. 2012).

8. "Wrongful death actions clearly illustrate that personal representatives of estates are parties to litigation only in their representative capacity and not individually. Specifically, although the personal representative of an estate is the only party who may commence a wrongful death action (EPTL 5-4.1), the damages recovered are solely for the benefit of the decedent's distributees to compensate them for their pecuniary loss (EPTL 5-4.4 [a]). It is inconceivable that a personal representative who is neither an attorney nor sole distributee would be permitted to prosecute the wrongful death action pro se. " *Matter of Walsh*, 17 Misc.3d 407 (Bronx Co. Surrogate 2007).

9. As is indicated in the Statement of Carla Marin, as Executrix of the Estate of Ana Beatriz Marin (attached as Exhibit A herein), neither herself nor Philip Marin, in representing the Estate in a foreclosure action, is doing it "pro se". They are doing it on behalf of their client, the Estate in which they have a direct financial interest and because of that, have the right to choose themselves as counsel because they are attorneys, precisely the reason why Ana Beatriz Marin chose them as executors. This right is NOT extended in NY to non-attorney executors. *Matter of Walsh*, 17 Misc.3d 407 (Bronx Co. Surrogate 2007).

10. So, the right to counsel of choice is not absolute and may be overridden to further a compelling public interest or protect a party's right to be free from the apprehension of prejudice, it is axiomatic that any restriction upon this freedom must be carefully scrutinized (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443; *Matter of Abrams [Anonymous],* 62 NY2d 183, 196; *Matter of Estate of Lambrou,* 208 AD2d 1093, 1094; *Murphy v Colbert,* 203 AD2d 619, 620); The burden to disturb this choice is upon the one seeking to override that choice;

{00387009 /1 }

their burden to demonstrate that disqualification is appropriate. *Matter of Schachenmayr v Town of N. Elba Bd. of Assessors*, 221 A.D.2d 884 (3rd Dept. 1995).

11. As is indicated in the Statement of Carla Marin, as Executrix of the Estate of Ana Beatriz Marin (attached as Exhibit A herein), the Debtor never sought nor even mentioned this issue of fees in either Surrogate's Court or in Supreme Court; to wit: basically about four years' worth of litigation in total from the time the Estate appointed the executrix.

WHEREFORE, we hereby request that the Estate be able to move forward and file the amended claim to reflect the full secured claim of $253,307.91 and provide a detailed accounting of same.

Dated:  White Plains, New York
         November 15, 2013

                                         Cabanillas & Associates, P.C.
                                         Attorneys for the Estate

                                         By:  /s/ Wendy Marie Weathers
                                         Wendy Marie Weathers, Esq.
                                         245 Main Street, Suite 210
                                         White Plains, New York 10601
                                         wweathers@cabanillaslaw.com
                                         (914) 385-0292 telephone
                                         (914) 206-7780 facsimile