UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

    Debra P. Marin,

                        Debtor
-------------------------------------------------------------------X

**Chapter 13**
**Case No. 12-23649 (RDD)**

### RESPONDENT'S OBJECTION AND REQUEST FOR A HEARING AND RESERVATION OF RIGHTS TO DEBTOR'S NOTICE OF PRESENTMENT FOR EX PARTE MOTION FOR A 2004 EXAMINATION UNDER OATH AND FOR PRODUCTION OF DOCUMENTS IN CONNECTION THEREWITH

Respondent, Carla Marin, as Executrix of the Estate of Ana Beatriz Marin, a creditor of the Debtor, ("Creditor" and/or "Respondent") by and through her attorneys, Cabanillas & Associates, P.C., hereby submits the following Objection and Request for a Hearing and Reservation of Rights to Debra P. Marin's (the "Debtor") Notice of Presentment of Ex Parte Motion for a 2004 Examination Under Oath and Production of Documents in Connection Therewith (the "2004 Motion"). In support of her Objection, Respondent respectfully states as follows:

### FACTUAL HISTORY

1. On September 17, 2012 the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. Prior to the Debtor's filing, multiple proceedings were and remain, pending in the Surrogate's Court of the State of New York, Putnam County, File No. 207-2007, the Surrogate's Court of the State of New York, Duchess County, File No. 2012-181, and the Supreme Court of the State of New York, County of Dutchess, Index No. 1298/2010, concerning the Estate of Ana Beatrix Marin ("Decedent") and Creditor, Carla Marin, including but not limited to:

    1. A Petition for compulsory accounting against Philip Marin and Carla Marin;

    2. A Petition by William Carlin to judicially settle his account as

{00693124 /1}

    Temporary Administrator of the Decedent's estate;

  3. A proceeding for construction of the Decedent's Last Will and Testament, and an appeal from the Decision and Order of the Surrogate's Court in that proceeding (collectively, the "Surrogate's Court Proceedings"); and

  4. A proceeding to foreclose on real property in which Debtor has an interest, located at 358 Route 292, Holmes, NY 12531.

  3. On November 19, 2012, Carla Marin and Philip D. Marin as Executors of the Estate of Ana Beatriz Marin filed an Objection to Confirmation of Debtor's Chapter 13 Plan (the "Objection to Confirmation").  (See this Court's Docket No. 18).

  4. On January 9, 2013, Creditor filed a proof of claim, Claim No. 1, in this Court's Claims Register in the total amount of $253,307.91.  (See Claim No. 1).

  5. On April 4, 2013, Debtor filed an Objection to Claim No. 1 and on May 15, 2013, debtor filed a Supplemental Affidavit in Support of the Objection to Claim (collectively, the "Objection to Claim").  (See this Court's Docket No.'s 30 and 37).

  6. On November 15, 2013, Creditor submitted a Reply to Debtor's Objection to Claim.  (See this Court's Docket No. 45).

  7. Thereafter, on March 27, 2014, counsel for the Debtor, the Chapter 13 Trustee and counsel for Andrea Marin, a party in interest to Debtor's case as it concerns the administration of the Estate of Ana Beatriz Marin executed a Consent Order Partially Lifting the Automatic Stay with same being 'So Ordered' by this Court that states the following:

> . . . any automatic stay occasioned by the pending Voluntary Petition of Debra Marin in the United States Bankruptcy Court, is not applicable as against any action, matter or proceeding concerning any matter pertaining to the administration, affairs, or management of the Decedent's estate, including but not limited to the Surrogate's Court Proceedings and all other proceedings in the Surrogate's Court and/or appeals to the Second Department, except that the stay shall continue to apply to all foreclosure proceedings against or concerning the Debtor.

(See Docket No. 48, Consent Order Partially Lifting Automatic Stay, pg. 2, ¶5).

8.The Court has scheduled a hearing on July 30, 2015 to rule on the issues set forth in Creditor's Objection to Confirmation and the Debtor's Objection to Claim.

## ARGUMENT

The proceedings pending in the Surrogate's Court of the State of New York, Putnam County, File No. 207-2007, the Surrogate's Court of the State of New York, Duchess County, File No. 2012-181, the Supreme Court of the State of New York, County of Dutchess, Index No. 1298/2010, concerning the Estate of Ana Beatrix Marin ("Decedent"), Creditor's Objection to Confirmation, Debtor's Objection to Claim and Creditor's Reply triggers the pending proceeding rule adhered to by courts in this Circuit and bars the entry of an Order for a Rule 2004 Examination, ". . . the so-called 'pending proceeding rule' does not permit Rule 2004 examinations when proceedings are pending in another forum." *In re MF Global Inc.*, 2013 WL 74580, 2 (Bankr.S.D.N.Y.2013), *citing*, *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.S.D.N.Y.2002).

Notably, a 2004 Examination should solely be used for the legitimate purpose of obtaining information relating to the acts, conduct, and property of the debtors, their liabilities and financial condition, or any other matter affecting the administration of the debtor's right to a discharge. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991); *see also In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999) *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999) (holding that "[h]owever vigorous and broad discovery may be under a Rule 2004 examination, there are well-established limits even to this free-and-easy practice").

Creditor objects to the Debtor's Motion on account of the fact that there is pending litigation between the parties such that any and all discovery is now governed by Fed. R. Bankr. P. 9014, made effective under the Part VII Rules applicable under Fed. R. Bankr. P. 7026 and Rule 26 of the Federal Rule of Civil Procedure. "It is well recognized that once an adversary

{00693124 /1 }3

proceeding or contested matter has been commenced discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq. rather than by 2004 examination." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (quoting *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *See also In re Koper*, No.13-74213-las (Bankr. E.D.N.Y. Sept. 30, 2014) (recognizing that once litigation has been commenced, discovery is governed by Fed. R. Civ. P. 26 rather than by Fed. R. Bankr. P. 2004).

Here, Debtor seeks the entry of a Rule 2004 Order for discovery and examination of documents that are directly related to multiple proceedings that are pending in the Surrogate's Court of the State of New York, Putnam County, File No. 207-2007, the Surrogate's Court of the State of New York, Duchess County, File No. 2012-181, and the Supreme Court of the State of New York, County of Dutchess, Index No. 1298/2010, concerning the Estate of Ana Beatrix Marin ("Decedent"), in addition to the litigation that has already been commenced and remains pending in this Court. Furthermore, a Consent Order Partially Lifting the Automatic Stay has already been 'So Ordered' by this Court for the purpose or delineating the issues specific to each distinct and separate pending proceeding. (See this Court's Docket No. 48).

Creditor further object to the 2004 Motion on the grounds that: (i) the discovery requests are made for purposes other than those stated in the Motion in direct contravention to the good faith requirements of Rule 2004; (ii) the information requested goes far beyond the permissible scope of discovery under Rule 2004(b); (iii) the Motion seeks the production of potentially confidential and privileged information and documents; and (iv) the documents demanded are overbroad, vague, unduly burdensome and result in the Respondents unnecessarily incurring additional attorney's fees and expenses.

Consequently, once a creditor objects to the examination, the party seeking authority to conduct the examination under Rule 2004 must satisfy the burden of establishing good cause exists for the examination. *In re Madison Williams & Co.*, LLC, 11-15896, 2014 WL 56070

(Bankr.S.D.N.Y. 2014). Here, there is pending litigation between the parties and Debtor has not set forth any extraordinary circumstances that would justify the application of 2004 in place of the more restrictive discovery rules set forth in Fed. R. Bankr. P. 7026. and Fed. R. Civ. P. 26.

In the alternative, Creditor believes that mediation will provide the parties with a more timely, efficient and cost effective method of resolving the issues at bar. Therefore, Creditor requests that the Court direct the parties to enter into a Mediation Stipulation that provides for the parties' selection of a mutually agreed upon mediator that is approved by this Court, which in turn will allow the parties to work towards obtaining a successful resolution of those issues that remain unresolved.

For the reasons set forth above, the Debtor's 2004 Motion should be denied in its entirety; an Order should be entered directing the parties to enter into a Mediation Stipulation; and for such other and further relief as to the Court may seem just and proper.

Dated: White Plains, NY
June 1, 2015

CABANILLAS & ASSOCIATES, P.C.

By:  */s/ James J. Rufo, Esq.*
James J. Rufo, Esq.
Attorneys for the Debtor
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2023
(914) 206-7088
jrufo@cabanillaslaw.com