**CABANILLAS & ASSOCIATES, P.C.**
A NY PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

**120 BLOOMINGDALE ROAD, SUITE 400**
**WHITE PLAINS, NEW YORK 10605**

PHONE: 914-385-0292
FAX:   914-206-4447

Reply to White Plains Office

**CHRISTOPHER R. CABANILLAS** *
**WENDY MARIE WEATHERS** *
**ATHEEB U. KHATEEB** *◦◊
**LUZ A. LIZARAZO** *
**JENEE K. CICCARELLI** *◦
**PATRICIA M. LATTANZIO***◊
**NATHAN L. MENDENHALL***
**VANESSA L. WILLIAMS***
**QUENTEN E. GILLIAM**
**JAMES J. RUFO**

*OF COUNSELS:*
**LAUREN M. OSA** *‡
**CARMINA K. TESSITORE**◊
**JAMES R. WITTSTEIN**◊
**SAWSAN Y. ZAKY***◦◊

**Admitted In:**
* New York
◦ New Jersey
◊ Connecticut
‡ Florida

Queens Office:
88-30 Sutphin Blvd.
Jamaica, NY 11435

Brooklyn Office:
80 Livingston Street, 1st Floor
Brooklyn, NY 11201

Bronx Office:
50 West Kingsbridge Road
Bronx, NY 10468

Suffolk Office:
781 Suffolk Avenue, 2nd Floor
Brentwood, NY 11717

New Jersey Office:
4100 Kennedy Blvd., Suite 102
Union City, NJ 07087

New Jersey Office:
825 Georges Road
North Brunswick, NJ 08902

Connecticut Office:
1450 Barnum Avenue, Suite 202
Bridgeport, CT 06610

June 25, 2015

**VIA EMAIL & ECF**
Michael H. Schwartz, Esq.
Michael H. Schwartz, P.C.
One Water Street
White Plains, NY 10601

Re:  In re: Debra P. Marin, Chapter 13, Case No. 12-23649 (RDD)
      Response to Debtor's Notice to Produce Documents

Dear Mr. Schwartz:

Please be advised, I am in receipt of debtor, Debra P. Marin's Notice to Produce Documents ("Notice to Produce") as it concerns the above referenced matter.

Debtor's Notice to Produce contains the following document requests:

1.  Any and all time records, time slips, expense sheets, bills, receipts, etc. in support of the portion of the claim for legal fees and expenses in Claim I filed in this case on 1/9/2013.

2.  Any and all documents that were reviewed for which the time records, time slips, expense sheets, receipts, etc. in support of the time and expenses for the legal fees and expenses alleged in Claim I filed in this case on 1/9/2013.

3.  Any and all documents that were prepared for which the time records, time slips, expense sheets, receipts, etc. in support of the time and expenses for the legal fees and expenses alleged in Claim I filed in this case on 1/9/2013.

4.  A copy of all payments received by Carla Marin in support of the amount allegedly due on the Note in Claim I filed in this case on 1/9/2013.

5.  Copy of all loan agreements, notes, mortgages, etc. in support of

{00710412 /1 }

the amount allegedly due on the Note in Claim 1 filed in this case on 1/9/2013.

6. Copies of all invoices and proof of payment pertaining to all fees, charges, expenses ever charged, assessed or otherwise attributed to the Debtors' account whether recoverable or non-recoverable.

7. Complete loan transaction history report from the date the loan originated through to the current date.

8. Copies of all accounting ledgers pertaining to the Debtor's Loan.

9. All collection notes, mail, faxes, emails, and any other form or recording of all communications between Carla Marin and any representative of Carla Marin and Philip Marin or any representative of Philip Marin with respect to the mortgage or note in this case in support of Claim I filed in this case.

10. All collection notes, mail, faxes, emails, and any other form or recording of all communications between Carla Marin and any representative of Carla Marin and Philip Marin or any representative Philip Marin and Debra Marin with respect to the mortgage or note in this case in support of Claim I filed in this case.

11. Complete accounting and all documentation of the funds received pertaining to the Debtor's account including all cancelled checks, receipts Invoices, ledger entries, statements and the like in support of Claim 1 filed in this case.

12. Current written appraisal of the property 358 Route 292, Holmes, New York.

Accordingly, the procedure for the discovery process between parties to litigation in the United States Bankruptcy Court is governed by Federal Rules of Civil Procedure 26, through the application of Federal Rules of Bankruptcy procedure 7026. Federal Rule of Civil Procedure 26(b) provides a clear definition of discovery that may be obtained by parties to litigation and its broad scope. In this regard, Rule 26(b) states:

> (b) DISCOVERY SCOPE AND LIMITS. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> (1) *In General*. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

> party, including the existence ... the identity and location of persons having knowledge of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Federal Rules of Civil Procedure 26(b)(1).

Moreover, Federal Rule of Civil Procedure 34 addresses the content and procedure for the discovery of documents between parties; wherein Rule 34 provides that a party may request that the opposing party produce any and all documents that fall within the scope of Rule 26(b). Federal Rule of Procedure 34.

> Fed. R. Bankr. P. 7034 governs a party's request for production of documents and things. To be subject to discovery pursuant to Fed. R. Civ. P. 34, the item must be in the "possession," "custody," or "control" of a party . . . A party is deemed to have control over documents that it has the, "right, authority, or ability to obtain upon demand."

*In re Andover Togs, Inc.*, 231 B.R. 521,547 (Bankr.S.D.N.Y.1999).

As such, Creditor responds to Debtor's Request for Production as follows:

1. Creditor has no objection to the documents requested in Debtor's Request No. 1 and shall produce same on or before the July 10, 2015 deadline for production set forth in the Scheduling and Pre-Trial Order. However, it should be noted that Debtor is already in possession of the documents sought in Document Request No. 1 as same is included as an exhibit to Creditor's Proof of Claim, Claim No. 1 filed on this Court's Claim's Register on January 9,2013; as an exhibit to Debtor's Objection to Claims of the Estate of Ana Beatriz Marin filed with this Court on April 4, 2013, ECF Docket No. 30, "Exhibit F"; and debtor was served with a copy of Creditor's Motion for Summary Judgment in the state court foreclosure proceeding that was commenced by Creditor in the Supreme Court of the State of New York County of Dutchess, Index No. 1298/2010.

2. Creditor objects to the extent that such request falls outside of the scope of documents of Federal Rules of Civil Procedure 26(b)(1) as said request seeks (i) privileged communications, (ii) communications which constitute attorney work product, (iii) material prepared for or in anticipation of litigation.

3. Creditor objects to Request No. 3 to the extent that such request falls outside of the scope of Federal Rules of Civil Procedure 26(b)(1) as said request seeks (i) privileged communications, (ii) communications which constitute attorney work product, (iii) material prepared for or in anticipation of litigation.

4. Creditor has no objection to Request No. 4 and shall produce same on or before the July 10, 2015 deadline for production set forth in the Scheduling and Pre-Trial Order.

5. Creditor has no objection to Request No. 5 and shall produce same on or before the July 10, 2015 deadline for production set forth in the Scheduling and Pre-Trial Order[1]. However, it should be noted that Debtor is already in possession of the documents sought in Document Request No. 1 as same is included as an exhibit to Creditor's Proof of Claim, Claim No. 1 filed on this Court's Claim's Register on January 9,2013; as an exhibit to Debtor's Objection to Claims of the Estate of Ana Beatriz Marin filed with this Court on April 4, 2013, ECF Docket No. 30, "Exhibit F"; and debtor was served with a copy of Creditor's Motion for Summary Judgment in the state court foreclosure proceeding that was commenced by Creditor in the Supreme Court of the State of New York County of Dutchess, Index No. 1298/2010.

6. Creditor objects to Request No. 6 to the extent such request is overbroad, duplicative, unreasonably cumulative, unduly burdensome or expansive, is obtainable from some other source or method of discovery that is more convenient, seeks information already made available in prior discovery; Request No. 6 seeks the same or substantially the same information and/or documentation sought in Request No. 1.

7. Creditor has no objection to Request No. 7 and shall produce same on or before the July 10, 2015 deadline for production set forth in the Scheduling and Pre-Trial Order.

8. Creditor objects to Request No. 8 to the extent such request is overbroad, duplicative, unreasonably cumulative, unduly burdensome or expansive, is obtainable from some other source or method of discovery that is more convenient, seeks information already made available in prior discovery; Request No. 8 seeks the same or substantially the same information and/or documentation sought in Request No. 7.

9. Creditor objects to Request No. 9 to the extent such request is overbroad, duplicative, unreasonably cumulative and unduly burdensome or expansive. Further, Creditor objects to Request No. 9 on the basis that such request falls outside of the scope of Federal Rules of Civil Procedure 26(b)(1) as said request seeks (i) privileged communications, (ii) communications which constitute attorney work product, (iii) material prepared for or in anticipation of litigation.

10. Creditor objects to Request No. 10 to the extent such request is overbroad, duplicative, unreasonably cumulative and unduly burdensome or expansive. Further, Creditor objects to Request No. 10 on the basis that such request falls outside of the scope of Federal Rules of Civil Procedure 26(b)(1) as said request seeks (i) privileged communications, (ii) communications which constitute attorney work product, (iii) material prepared for or in anticipation of litigation.

11. Creditor has no objection to Request No. 11 and shall produce same on or before the July 10, 2015 deadline for production set forth in the Scheduling and Pre-Trial Order.

---

[1] The Note and Mortgage underlying Creditor's Proof of Claim were, in fact, drafted by the Debtor, Debra P. Marin, as same is of considerable importance to determining the issues at bar.

{00710412 /1 }

  12. Creditor is not in possession, custody or control of the requested document.

 Simply put, if the Creditor has the actual possession of the requested document or is able to obtain the document requested from a third party from whom he is legally entitled to obtain the document from, the Creditor must obtain the document requested. *Id*.

 Lastly, Creditor does not have a conflict with the date and time that has been scheduled for the July 15, 2015 deposition.

 Thank you for your timely attention to this matter.

Dated: White Plains, NY
   June 25, 2015

          **CABANILLAS & ASSOCIATES, P.C.**

        By: */s/ James J. Rufo, Esq.*
          James J. Rufo, Esq.
          Attorneys for the Debtor
          120 Bloomingdale Road, Suite 400
          White Plains, NY 10605
          (914) 418-2023
          (914) 206-7088
          jrufo@cabanillaslaw.com

cc: Hon Robert D. Drain, USBJ
   VIA ECF