UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

In re Debra Marin

      Debtor.

Case No. 12-23649

------------------------------------X   NOTICE OF MOTION

SIRS:

    PLEASE TAKE NOTICE that upon the annexed affirmation, a motion pursuant to Bankruptcy Code 502, and Rule 3007 will be made as follows:

| | |
|---|---|
| JUDGE: | Hon. Robert D. Drain, USBJ |
| RETURN DATE & TIME: | January 28, 2016 at 10:00 a.m. |
| COURTHOUSE: | 300 Quarropas Street<br>White Plains, NY 10601. |
| RELIEF REQUESTED: | Reduce claim 1 as amended and filed on September 15, 2015 by Creditor Carla Marin |

Dated: White Plains, NY
      October 30, 2015

_____
Michael H. Schwartz
Michael H. Schwartz, P.C.
Attorney for Debtor
1 Water Street
White Plains, NY 10601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

In re Debra Marin                                    Chapter 13

                                                    Case No.12-23649

       Debtor.
------------------------------------------------X   Affirmation in Support

State of New York      }
                       :ss
County of Westchester  }

Michael H. Schwartz, duly admitted to practice before this Court, affirms under the penalties of perjury as follows:

1. I am the attorney for the debtor and am fully familiar with the facts stated herein.

2. This is a motion by the debtors to reduce claim 1 as amended and filed by creditor Carla Marin ("Carla") on September 15, 2015 under Bankruptcy Code 502, and Rule 3007.

3. This is a core proceeding over which this court has jurisdiction to hear this matter pursuant to 28 U.S.C. Sections 157 and 1334.

### 1. MORTGAGE DOES NOT PERMIT A GRANT OF ATTORNEY FEES:

4. Pursuant to paragraphs "18" and "19" of the mortgage, reasonable attorney fees are permitted for attorney fees actually incurred in the "Lender's" pursuit of the remedies set

forth in paragraph "19" of the mortgage. Paragraph "19" permits attorney fees only " [u]pon acceleration under paragraph 19 or abandonment of the property."

    5. "Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 13 and 17 unless applicable law provides otherwise.) the notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums suns secured by this Security Instrument, foreclosure by judicial proceeding and sale of property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.

Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including, but not limited to, reasonable attorney's fees and costs of title evidence."

6. "Lender in Possession. Upon acceleration under paragraph 19 or the abandonment of the Property, Lender (by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property and collection of rents, including, but not limited to receiver's fees, premiums on receiver's bond and reasonable attorneys' fees, and then to the sums secured by this Security Instrument."

7. Since the mortgage was neither abandoned nor accelerated pursuant to paragraph "19" of the mortgage, attorney fees are not provided for under the express terms of this mortgage. Carla's attorney fee request should therefore be denied.

## 2. CREDITOR'S BILLING STATEMENTS:

8. At paragraph "44" of her Summary Judgment Motion, Carla Marin requested $44,056.48 for herself as attorney for the Estate for her legal services rendered in the foreclosure action; this claim is now reduced to $19,093.75 in her

September 15, 2015 Amended Notice of Claim.

9. Carla's billing statements request $19,093.75 in attorney fees and costs, for 58 hours of attorney time billable at $325 an hour, failing to distinguish between her charges for attorney time, administrative or travel time or the time it took her to compile her billing notes.

10. Carla's bill is broken down into the following categories:

- Court time charged for three court conferences: 14 hours @ $325 an hour or $4,500 when actual time was 3 hours;

- Time charged to draft pleadings and motion practice was combined with travel time, administrative tasks and the time it took her to compile her billing notes: 23.25 Hours @ $325 an hour or $7,566.25;

- Time charged for Estate Probate Matter against Andrea Marin that was not material or necessary to the Foreclosure action against Debra Marin: 8.5 Hours @ $325 an hour or $2,762.50; and

- Purely Administrative tasks that Carla billed at her attorney billable time: 12.25 hours @ $325 an hour or $3,981.25.

### 3. EXCESSIVE COURT TIME:

11. Carla charged 14 hours for three court conferences each lasted about an hour.

"14 hours @ $325 an Hour or $4,500.00."

12. On April 11, 2011, Carla charged the Estate 4 hours @ $325 an hour, or $1,300, to travel to Poughkeepsie Supreme Court for the first appearance in this matter. Debra Marin personally attended that court conference and the time spent was 30 minutes, not four hours. Carla does not segregate her travel time to Poughkeepsie vs. actual court time.

13. On April 25, 2012, Carla charged the Estate 5 hours @ $325 an hour, or $1,625, for a settlement conference, again, not segregating her travel time to Poughkeepsie vs. actual court time. The court conference was about one hour, which is a reasonable charge for this court appearance.

14. On May 30, 2012, Carla charged the Estate 5 hours @ $325 an hour or $1,625, for another settlement conference that I was told by my attorney lasted about one hour.

### 4. EXCESSIVE TIME CHARGED FOR DRAFTING OF PLEADINGS AND MOTION PRACTICE COMBINING ATTORNEY BILLABLE TIME WITH ADMINISTRATIVE AND TRAVEL TIME AS WELL AS CARLA'S COMPILATION OF HER BILLING NOTES:

"23.25 Hours @ $325 an hour or $7, 556.25."

15. On December 19 and December 21, 2009, Carla charged 1.25 hours to Draft a handwritten Default Notice and handwritten Affidavit.

16. On February 19, 2010, Carla combined drafting of pleading charges with travel charges, billing 5 hours @ $325 an hour, or $1,625.00 plus $5.95 to travel to the Dutchess County Clerk's Office, as well as parking and copying charges incurred at the Dutchess County Clerk's office. It is not possible to delineate how much time Carla spent drafting the Summons and Complaint and how much time it took her to travel from Carmel, NY to Poughkeepsie New York to the Dutchess County Clerk's office. Carla should have but did not segregate these charges. Travel to Dutchess County Clerk's Office to obtain the recorded deed, mortgage and note was unnecessary since this administrative task could have been accomplished by paying any Abstract company for a few hundred dollars, not thousands. Carla also charges $63.90 for 213 photocopies, @ .30 cents per photo copy when the reasonable rate is .10 cents.

17. On February 22, 2010, Carla again charged 3.5 hours @ $325 an hour, or $1, 137.50 to draft the Lis Pendens, Finalize Summons, Complaint, Lis Pendens, and Notice to Tenant in

Foreclosure. Carla failed to segregate how much time she took to draft the pleadings as opposed to how much time she took to complete the following purely administrative tasks: " … compile copy sets for filing and service; [meet] with George Delany to Verify Complaint; draft blue backs and travel to Dutchess County Clerk's office to file foreclosure action and lis pendens."

18. On March 18, 2010, Carla charged 1 hour or $325.00 to review my boiler plate Verified Answer with Affirmative Defenses; .25 hours would have been what a reasonable attorney required, especially since no response to the pleading was necessary.

19. On May 31, 2011 and June 17, 29 of 2011 Carla charged 4.5 hours @ $325 an hour or $1,462.50 to prepare file and serve her answer to my Motion to dismiss. Of the total 4.5 attorney hours billed, on April 29, 2012, Carla charged 3 hours @ $325 an hour, attorney billable time, for purely administrative tasks and did not segregate her administrative time from her travel time to perform the following tasks: draft the affidavit of service, compile motion papers for service; meet with George Delany for some unexplained reason and her "travel to the Carmel Post Office to pay for postage so G. Delany could serve the same."

20. On June 13, 2011, Carla charged 2 hours @ 325 an hour, or $700 to review "Letter from D. Marin dated June 7, 2011 enclosing Discovery requests: Interrogatories, notice to take depositions, demand for disclosure, witness demand and discovery and inspection notice." Carla here admits to receiving the demands, charged $700 to read the demands, failed to object or otherwise respond to the demands then claimed in her August 2012 Note of Issue that she complied with these very same discovery demands.

21. On August 2 and August 7, 2012, Carla charged a total of 6 attorney hours @ $325 an hour or $1,950.00 for a Summary Judgment Motion, four hours which, on August 7, were for the performance of administrative tasks such as "compile billing information for motion for summary judgment" "compile exhibit list and review of files for the exhibits; complete motion for service."

### 5. EXCESSIVE ATTORNEY TIME BILLED FOR TIME BILLED FOR ESTATE PROBATE MATTER AGAINST ANDREA MARIN NOT MATERIAL OR NECESSARY TO THE FORECLOSURE ACTION AGAINST DEBRA MARIN:

22. 8.5 Hours @ $325 an Hour or $2,762.50

23. On April 2, 2010, Carla charged 2 hours @ $325 an hour, or $750.00 to review the Estate probate file, including review

of the SCPA §1404 depositions transcripts of Andrea Marin, review of the Probate appellate file, review of Andrea Marin's unidentified "police report" and Andrea Marin's objections to Account. Not one of these documents has anything to do with the issues regarding the foreclosure at issue in this action.

24. On April 4, 5 and 7 of 2010 Carla charged a total of 5.5 hours at $325 an hour, or $1,787.50, to review Andrea Marin's motion to dismiss, compile the exhibit list and review all of Andrea Marin's "past emails." Carla also charged $14.70 in Postage and $66.00 in photo copies for this application.

25. On May 4, 2010 and June 24, 2010 Carla charged a total of 1 hour @ $325 an hour or $325.00 to "reject" Andrea's allegedly "late" Answer to the foreclosure Complaint. Carla's charge of 8.5 hours for time against Andrea was not necessary since Andrea did not have a legal or equitable claim to the property being foreclosed as Andrea state in her motion to dismiss. Carla eventually released Andrea from the case two years later when she filed for summary judgment against Debra Marin.

### 6. ADMINISTRATIVE TASKS THAT WERE BILLED AT ATTORNEY TIME:

26. "12.25 hours @ $325 an hour or $3, 981.25."

27. On the following dates, Carla Marin charged the Estate 12.25 hours in attorney time @ $325 an hour or $ 3,981.25 for tasks that are purely administrative in nature:  phone calls with Carla's brothers (Philip and Carl), phone calls with court personnel to confirm or adjourn court and motion filing dates, drafting of scheduling/adjournment letters, time spent to mail letters, send faxes, receive faxes, create scanned copies of letters and to travel the ¼ mile from her office to the Carmel Post Office to mail correspondence, a trip she claimed was required especially for this foreclosure.

| | |
|---|---|
| March 2, 5, 10, 12, 30 of 2010 | 2.75 hrs |
| May 4, 2010 | .75 hrs |
| June 24, 2010 | .75 hrs |
| January 20, 2011 | .25 hrs |
| February 9, 10, 25, 2011 | .75 hrs |
| March 5, 2011, | .25 hrs |
| May 7, 2011 | .25 hrs |
| June 2, 6, 7, 8, 2011 | 1.75 hrs |
| September 6, 2011 | .25 hrs |
| December 18, 30 2011 | .25 hrs |
| January 3, 5 2012 | .50 hrs |
| March 2, 2012 | 1.00 hrs |

| | |
|---|---|
| April 24, 27, 2012 | .50 hrs |
| May 15, 17, 2012 | 1.00 hrs |
| June 1, 2012 | .25 hrs |
| July 1, 26, 27, 31 2012 | 1.00 hrs |
| | |
| Total | 12.25 hrs |

28.  It should be noted that while Carla charged $325 an hour to photo copy and fax a document, she also charged $0.30 per page to photo copy a document.  See following time tickets:

February, 19 and 22 2010,

March 12, 29, 30, 2010,

April 7, 2010,

May 4, 2010,

June 24, 2010,

June 29, 2011,

January 5, 2012,

March 2, 2012,

May 17, 2012,

July 1, 2010.

## 7. CREDITOR's TIME IS BILLED IN EXCESS OF ALLOWABLE UNITED STATES TRUSTEE GUIDELINES:

29. United States Trustee guidelines require billing in .1 increments NOT .25. The same guidelines only allow for 10 cents per copy not 30 cents per copy. In addition, travel time is NOT billed at one half rate, but at the full hourly rate.

Wherefore it is respectfully requested that portion of the Proof of Claim as Amended and filed on September 15, 2015 be denied or in the event the Court declines to so decline the entire claim for legal fees, that the claim be reduced to a more reasonable and accurate amount.

Dated:   White Plains, NY
         October 30, 2015

_____
Michael H. Schwartz
Michael H. Schwartz, P.C.
Attorney for Debtor
One Water Street
White Plains, NY 10601

UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
————————————————————X
In re Debra Marin

                                   Chapter 13

                                   Case No.12-23649

         Debtor.
————————————————————X

                Affidavit of Service

State of New York
County of Westchester

    Keiona Phillips, being duly sworn deposes and says under the penalty of perjury.

    I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made and reside in the county of Westchester. I further certify that the service of the attached Notice of Motion and Affirmation in Support was made on October 30, 2015.

Mail service, Regular, first class United States mail, postage fully pre-paid, addressed to the


Wendy Marie Weathers, Esq.
Cabanillas & Associates, P.C.
120 Bloomingdale Road, Suite 400
White Plains, MY 10605


Law Office of Jeffrey L. Sapir
399 Knollwood Road, Suite 102
White Plains, New York 10603

                                   _____
                                   Keiona Phillips

Sworn to before me this 30th
Day of        October 2015

_____
Notary Public

AMY RADAK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RA6118698
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES 11/15/2016